UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | Chapter 13 |
| ) | Bankruptcy No. 16-00819-jw |
| Tony A. James and Carolina T. James, ) | |
| ) | **NOTICE OF: MOTION FOR RELIEF FROM** |
| Debtors. ) | **AUTOMATIC STAY (11 U.S.C. § 362(a))/MOTION TO** |
| ) | **EXTEND OR IMPOSE AUTOMATIC STAY (11 U.S.C.** |
| ) | **§32(C)(3); 11 U.S.C. § 362(C)(4))** |
| ) | |
| ) | |
| ) | |

TO:    DEBTORS, TRUSTEE (if applicable), AND THOSE NAMED IN THE ATTACHED MOTION

PLEASE TAKE NOTICE THAT a hearing will be held on the attached motion on:

**Date and Time:**    <u>August 9, 2016 at 9:00 am</u>
**Place:**    <u>J. Bratton Davis United States Bankruptcy Courthouse, 1100 Laurel Street, Columbia, S.C.</u>

Within fourteen (14) days after service of the attached Motion, and the Notice of Motion, the movant's Certification of Facts, (and a blank Certification of Facts form, applicable only to motions for relief from the automatic stay and for service on *pro* se parties only)), any party objecting to the relief sought shall:

1)    File with the Clerk of this Court a written objection to the 11 U.S.C. § 362 Motion;

2)    File with the Clerk of this Court a Certification of Facts (for motions for relief from the automatic stay);

3)    Serve on the movant items 1 & 2 above at the address shown below; and

4)    File a certificate of such service with the Clerk of this Court.

If you fail to comply with this procedure, you may be denied the opportunity to appear and be heard on this proceeding before the court.

DATE OF ISSUANCE:    June 29, 2016

MOVANT:    **S.C. State Federal Credit Union**

ATTORNEY:    **Sabrina E. Burgess**

ATTORNEY'S ADDRESS:    **Sherpy & Jones, P.A.**
**P. O. Box 2599, Lexington, SC 29071**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 13** |
| | ) | **Bankruptcy No. 16-00819-jw** |
| Tony A. James and Carolina T. James, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## <u>MOTION TO MODIFY AND LIFT STAY</u>

S.C. State Federal Credit Union ("Creditor") moves the Court pursuant to 11 U.S.C. §362(d) for relief from, and modification of, the automatic stay imposed in this case pursuant to 11 U.S.C. § 362, and represents as follows:

1. Jurisdiction for this motion rests in 11 U.S.C. §362, and 28 U.S.C. §157.

2. The above-referenced Debtors filed a petition for relief under Chapter 13 of the U.S. Bankruptcy Code on February 23, 2016.

3. William K. Stephenson, Jr. is the Trustee of the Debtors' estate and may claim an interest in the property which is the subject of this motion.

4. The Creditor is the holder of a secured claim against the Debtors evidenced by a Revolving Credit Mortgage ("Note" and "Mortgage"), copies of which are attached to the Certification of Facts and incorporated herein as Exhibit "A." The real property covered by the Note and Mortgage is 420 Old Walnut Branch, North Augusta, South Carolina 29860 (the "Collateral"), as more fully described in the Mortgage, a copy of which is attached to Exhibit "A" and, upon information and belief, the Debtors continue to use the Collateral without providing Creditor with adequate protection of its interest therein.

5.    The Debtors are in default in payments due under the terms of the Agreement and/or under the Debtors' Chapter 13 Plan, if any, as appears from the Certification of Facts.  Therefore, the interest of the Creditor in said Collateral is not adequately protected.

6.    Creditor is informed and believes that it is entitled to relief from the stay as allowed by §362(d) for cause to allow it to foreclose its security interest in the above-referenced property because the Debtors have failed to provide adequate protection of Creditor's interest in the property.

7.    Creditor asserts, therefore, that cause exists pursuant to 11 U.S.C. §362(d) to lift the automatic stay to the extent necessary to allow Creditor to enforce its interests in the Collateral in accordance with applicable law.

8.    Creditor agrees to waive any claim that may arise under 11 U.S.C. Section 503(b) or Section 507(b) as a result of this Order.  Creditor further agrees that any funds, in excess of all liens, costs and expenses, realized from any foreclosure sale will be paid to the Trustee.

9.    Creditor asserts that the 14-day stay of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure should be waived, and that the relief requested should be effective immediately upon entry of the requested Order.

WHEREFORE, pursuant to 11 U.S.C. §362(d), Creditor hereby moves this Court to enter an Order, which shall be effective immediately upon its entry, modifying and lifting the automatic stay to permit Creditor to take such action as may be necessary under applicable law to enforce its interests in the Collateral.

SHERPY & JONES, P.A.

By: _____
Sabrina E. Burgess
Federal I.D. #11494
Post Office Box 2599
Lexington, South Carolina 29071
(803) 356-3327
Attorneys for S.C. State Federal Credit Union

Lexington, South Carolina
June 29, 2016

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:                      )       **Chapter 13**

                            )       **Bankruptcy No. 16-00819-jw**

Tony A. James and Carolina T. James,   )

Debtors.                 )

                            )

                            )

_____ )

## CERTIFICATE OF FACTS

In the above-entitled proceeding, in which relief is sought from the automatic stay in accordance with 11 U.S.C. §362, I do hereby certify to the best of my knowledge the following:

1. <u>Nature of Movant's Interest</u>: secured claim.

2. <u>Brief Description of Security Interest, copy attached (if applicable)</u>: Revolving Credit Mortgage (<u>See</u>, attached).

3. <u>Description of Property Encumbered by Stay (include serial number, lot and block number, etc.)</u>. 420 Old Walnut Branch, North Augusta, South Carolina 29860.

4. <u>Basis for Relief (property not necessary for reorganization, debtor has no equity, property not property of estate, etc.; include applicable subsection of §362)</u>: Creditor not adequately protected.

5. <u>Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable)</u>: N/A

6. <u>Valuation of Property, copy of Valuation attached (Appraisal, Blue Book, etc.)</u>:

| | |
|---|---|
| Fair Market Value | $161,000.00 |
| Liens (Mortgages): | $75,386.41 |
| Debtor's Exemption (-) | $58,225.00 |
| Net Equity | $27,388.59 |

Source/Basis of Value:

7. <u>Amount of Debtor's Estimated Equity (using figures from paragraph 6, supra)</u>: $27,388.59.

8. <u>Month and Year in Which First Direct Post-petition Payment Came Due to Movant (if applicable)</u>. March 2016

9.      (a)     <u>For Movant/Lienholder (if applicable): List or attach a list of all post-petition payments received directly from debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied.</u>[1]

---

[1] This requirement may not be met by the attachment of a payment history generated by the movant. Such attachment may be utilized as a supplement to a complete and detailed response to (9)(a) above, which should be shown on this certification.

| Date of payment | Amount of payment | Applied to | Date of payment | Amount of payment | Applied to |
|---|---|---|---|---|---|
| 3/3/2016 | 700.00 | March 2016 | | | |
| 4/8/2016 | 75.00 | April 2016 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

     (b)    For Objecting Party (if applicable): List or attach a list of all post-petition payments included in the Movant's list from (a) above which objecting party disputes as having been made.  Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection.

    10.    <u>Month and Year for Which Post-petition Account of Debtor(s) is Due as of the Date of this Motion</u>:

April 2016

SHERPY & JONES, P.A.

By: _____
Sabrina E. Burgess
Federal I.D. #11494
Post Office Box 2599
Lexington, South Carolina 29071
(803) 356-3327
Attorneys for S.C. State Federal Credit Union

June 29, 2016

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

IN RE:                                          )      **Chapter 13**
                                                )      **Bankruptcy No. 16-00819-jw**
Tony A. James and Carolina T. James,            )
                                                )
Debtors.                                        )
                                                )
                                                )
_____        )

## <u>AFFIDAVIT OF SERVICE</u>

PERSONALLY appeared before me the undersigned, who, being duly sworn, deposes and says that she is the secretary for Sabrina E. Burgess, the attorney for S.C. State Federal Credit Union, and that on June 29, 2016, she served a copy of Notice of Motion Seeking 11 U.S.C. §362(d) Relief, Motion to Modify and Lift Stay, and Certificate of Facts on the following by depositing same in the United States Mail with sufficient postage affixed and addressed as indicated below:

V. Lee Ringler                          Tony A. James
808 Greene Street, Suite 200            420 Old Walnut Branch
Augusta, Georgia 30901                  North Augusta, South Carolina 29860

William K. Stephenson, Jr.              Carolina T. James
P. O. Box 8477                          420 Old Walnut Branch
Columbia, SC 29202                      North Augusta, South Carolina 29860

Sabrina E. Burgess

SWORN to before me this 29th
day of June, 2016.

Notary Public for South Carolina
My Commission Expires: June 9th 2027

